IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

LEVELLE SINGLETON, )
 )
                Petitioner, )    Civil No. 04-1790-TC
 )
      v. )    FINDINGS AND
 )    RECOMMENDATION
BRIAN BELLEQUE, Superintendent, )
Oregon State Penitentiary )
 )
                Respondent. )

COFFIN, Magistrate Judge.

    Petitioner LeVelle Singleton brings this action for habeas corpus relief pursuant to 28 U.S.C. § 2254. Presently before the court is Petitioner's Amended Petition for Writ of Habeas Corpus (#6). For the reasons that follow, the petition should be denied.

## BACKGROUND

    In 1986, petitioner was convicted of murder and sentenced to life in prison. The Oregon Board of Parole and Post-Prison Supervision (Board) overrode the minimum sentence of 25 years and authorized a parole release date in November 1995. Petitioner was permitted to relocate to Louisiana, where the Louisiana Department of Corrections (LDOC) supervised him at the direction of the Board. The Board's notification to petitioner that he would be released on parole contained the following information: "THE MINIMUM PERIOD OF SUPERVISION IS TO BE 12 MONTHS. DISCHARGE OF PAROLE PRIOR TO SENTENCE

EXPIRATION DATE DEPENDS ON APPROVAL BY THE BOARD OF PAROLE FOLLOWING A FAVORABLE RECOMMENDATION FROM THE PAROLE OFFICER. DISCHARGE OF PAROLE ALSO DEPENDS UPON PAYMENT IN FULL OF COURT ORDERED COMPENSATORY FINES AND RESTITUTION OWING, IF ANY." Respondent's Exhibit to Answer (#28) Exhibit 121, Board Action Form 6 at 2. Petitioner was assigned a tentative parole discharge date of November, 21, 1996.

In a November 21, 1996, Progress and Conduct Report, LDOC notified the Board that petitioner "has violations of arrearages of $129.00 in supervision fees and subject failed to report during last three months." LDOC also explained, "This subject has an attitude and does not deal well with authority." Respondent's Exhibit 130, Att. 1. LDOC advised the Board that it would close petitioner's case upon the tentative discharge date unless the Board ordered otherwise. The record does not indicate that petitioner received a copy of the Progress and Conduct Report at that time. The Board issued a response dated December 9, 1996, ordering the continuation of active supervision. LDOC did not receive that letter until January 22, 1999.

LDOC records indicate that petitioner last met with his parole officer on November 6, 1996. The record lacks any evidence that petitioner underwent the required exit procedures, which included obtaining a supervisor's recommendation that petitioner be discharged and the approval of the Board. Petitioner asserts that he was advised that his parole would expire automatically upon the tentative parole release date of November 21, 1996. Petitioner left Louisiana in 1999 and relocated to Oregon.

2 - FINDINGS AND RECOMMENDATION

LDOC wrote to the Board in early 1999, explaining its delayed receipt of the Board's 1996 letter, and LDOC explained again that petitioner had failed to report. LDOC requested that a warrant be issued for petitioner's arrest for violating the terms of his parole by failing to report.

Petitioner was arrested in Oregon in July 1999. After serving a local sanction of 30 days in jail in Multnomah County, petitioner's ongoing parole supervision was transferred to Marion County. In 2000, he tested positive for cocaine use, and, as a result, the Board overrode a second 30-day sanction and issued an order revoking petitioner's early release. Respondent's Exhibit to Answer (#28) Exhibit 121, Order of Revocation (April 10, 2000).

Petitioner was returned to the custody of the Oregon Department of Corrections for a future disposition hearing, at which petitioner's sanction for violating the terms of his early release was to be determined. At the hearing, the Board found a number of aggravating factors, including petitioner's return to drug abuse and assaultiveness, and denied re-release on the basis that petitioner could not be adequately controlled in the community. The Board set a new release date of March 28, 2002, and ordered a minimum of 36 months' parole supervision. Respondent's Exhibit to Answer (#28) Exhibit 121, Board Action Form #17 (July 26, 2000). According to his attorney, petitioner currently remains incarcerated.

Petitioner did not seek direct review of the revocation of his parole. Rather, petitioner sought direct review of the order that

3 - FINDINGS AND RECOMMENDATION

issued from the future disposition hearing, on the limited question of whether his original parole should have been discharged in Louisiana after one year. The Board disagreed and affirmed the parole violation sentence. The Oregon Court of Appeals dismissed a further appeal based on lack of subject matter jurisdiction.

In August 2001, petitioner filed a state habeas corpus petition challenging his parole revocation in Umatilla County Circuit Court. The court dismissed the petition, citing the reasons asserted by the state, which included petitioner's failure to administratively appeal his revocation to the Board and failure to support his claim with sufficient facts. Petitioner appealed the state habeas decision to the Oregon Court of Appeals, which granted respondent's motion for summary affirmance. The Oregon Supreme Court denied petitioner's petition for review.

## Discussion

Petitioner contends that the Board was without authority to order his arrest and incarceration for asserted parole violations. In petitioner's view, the parole revocation deprived him of due process because the Board contravened its own rules by failing to release him on the tentative discharge date of November 21, 1996.[1]

---

[1] In his pro se Amended Petition, petitioner advanced four "claims" challenging Board actions related to the ultimate revocation of his parole in April 2000. None of those assertions correspond precisely to the claim of error articulated in briefing submitted after petitioner was assigned representation in this matter. That claim of error solely addresses the legality of the Board's April 11, 2000, decision to revoke petitioner's parole. Petitioner's Reply to Respondent's Response to Habeas Corpus Petition at 1-2. We evaluate petitioner's claim

4 - FINDINGS AND RECOMMENDATION

Petitioner asserts that he had operated under the impression that his parole would be discharged on that date, and the Board's failure to timely notify LDOC that his parole status continued had the effect of confirming his understanding that he had been discharged. As a result, in petitioner's view, he could not have been aware that his relocation outside the jurisdiction of Louisiana after his tentative discharge date would constitute flight from supervision. Petitioner does not address the fact that his release date notification stated the requirements for discharge from parole and indicated that discharge on the tentative date would depend on approval of the Board, based on the recommendation of the supervising authority.

Respondent contends that, notwithstanding problems with the merits of petitioner's case, the petition must fail on any one of the following bases: untimeliness, failure to exhaust, and procedural default. Respondent is correct.

1.   Timeliness

    A.   Standards

28 U.S.C. § 2244(d)(1) sets the general rule that "[a] 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court." This requirement applies to all petitions filed by individuals in state court custody, regardless of whether the incarceration results from an administrative or judicial decision. Shelby v. Bartlett, 391 F.3d 1061, 1066 (9th Cir. 2004). Qualifying

---

as characterized by his attorney.

5 - FINDINGS AND RECOMMENDATION

administrative decisions include parole board actions. See Wade v. Robinson, 327 F.3d 328, 331 (4th Cir.), cert. denied, 540 U.S. 912 (2003); Cook v. New York State Div. of Parole, 321 F.3d 274, 280 (2nd Cir. 2003); Thompson v. Hill, Civ. No. 03-255-MA (D. Or. Dec. 12, 2003); see also Redd v. McGrath, 343 F.3d 1077, 1080 n. 4 (9th Cir. 2003) (assuming that § 2244(d)(1) applies to a state prisoner's challenge to a parole board decision, subsection (d)(1)(D) governs its commencement).

Petitioner was required to fully exhaust his claim and present it to the court before the conclusion of the limitation period. Corjasso v. Ayers, 278 F.3d 874, 878 (9th Cir. 2002). In certain narrow circumstances, the court may employ the doctrine of equitable tolling to stay the limitation period. As explained below, those circumstances are not present on this record.

B.  Analysis

The analysis begins with calculating petitioner's limitation period. In relevant part, 28 U.S.C. § 2244(d)(1) provides that the limitation period begins either on the "date on which the factual predicate of the claim ... could have been discovered in the exercise of due diligence," or on "the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review," whichever is later. 28 U.S.C. § 2244(d)(1)(A), (D).[2] In this case, the "factual predicate" of petitioner's habeas

---

[2] Section 2244(d)(1) sets forth two other possible dates for the commencement of the running of the statute of limitations; petitioner does not assert that either applies in this case.

6 - FINDINGS AND RECOMMENDATION

claim is the Board's April 10, 2000, order revoking his parole. That order stated in part, "You are entitled to Administrative Review of this order under OAR 255-80-005. Administrative Review may be obtained by submitting a written request to the Chairperson [of the Board] within 45 days from the date of this order. You may also obtain Judicial Review of this order by filing a petition of review in the Court of Appeals . . .". Respondent's Exhibit to Answer (#28) Exhibit 121, Order of Revocation (April 10, 2000). Thus, the period for seeking review of that order expired 45 days later, or, on May 25, 2000. Petitioner did not seek review of the revocation order within the prescribed time, foreclosing any possible appeal to the Court of Appeals. Thus, the administrative "judgment" became final for purposed of 28 U.S.C. § 2244(d)(1) on the day the review period expired, May 25, 2000. Because that date is the later of the two relevant options under the statute, it triggered petitioner's limitation period. Based on that date, petitioner's limitation period concluded May 25, 2001.

Petitioner filed his federal habeas claim on February 2, 2005, well after the limitation period expired. Moreover, as further explained below, petitioner failed to exhaust available state remedies for challenging the Board's revocation of his parole. Nonetheless, petitioner asserts that his failure to exhaust should not bar the petition, and that the matter is not time-barred because equitable tolling applies.

---

7 - FINDINGS AND RECOMMENDATION

In order to equitably toll the one-year limitation period, petitioner must establish "(1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way." Pace v. DiGugliemo, 544 U.S. 408, 418, 125 S.Ct. 1807, 161 L.Ed.2d 669 (2005). Extraordinary circumstances are those created by "external forces, rather than a petitioner's lack of diligence"; thus, "equitable tolling is unavailable in most cases . . .". Miles v. Prunty, 187 F.3d 1104, 1107 (9th Cir. 1999). Equitable tolling may be appropriate where a petitioner's late filing is attributable to the failure of prison authorities to disburse a requested filing fee, id., or to the withdrawal of the petitioner's attorney, Calderon v. U.S. Dist. Court for the Cent. Dist. of Cal. (Beeler), 128 F.3d 1283, 1288-89 (9th Cir. 1997), overruled on other grounds, Calderon v. U.S. Dist. Court for Cent. Dist. of Cal. (Kelly), 163 F.3d 530 (9th Cir. 1998). Equitable tolling may also apply when other obstacles beyond a petitioner's control cause the late filing. See Calderon (Kelly), 163 F.3d at 541 (petitioner's mental defect, which impaired his ability to assist counsel, warranted equitable tolling).

Petitioner asserts that equitable tolling should apply because he diligently pursued his appeals and but for impediments presented by the state, his petition would have been timely. Those impediments, according to petitioner, were presented entirely by "Oregon's highly complex and changing rules governing judicial review of Board actions . . .". Petitioner explains that, at the time of his parole revocation, Oregon's review process was bifurcated, so that a

8 - FINDINGS AND RECOMMENDATION

challenge to the parole revocation was raised on direct appeal, e.g., Mageske v. Board of Parole and Post-Prison Supervision, 173 Or. App. 209, 21 P.3d 150 (2001), while future disposition orders were challenged in habeas corpus or mandamus proceedings, former ORS 144.335(3), amended by Or. Laws 2001, ch. 661, § 1 (2001). Petitioner contends that this system was "exceedingly complicated" for a pro se petitioner to negotiate. In petitioner's view, the procedural requirements, and the length of delay, which petitioner argues was "insubstantial," warrant tolling.

Petitioner's argument is unavailing. The "impediments" that petitioner attributes to the state are not particularized events that "stood in the way" of petitioner's case. Rather, the difficulties are part of the fabric of a review process that every petitioner in his position was required to confront. Petitioner's participation in that process was within his own control; he does not point to external factors that impeded his attempt to obtain review, nor any infirmity that contravened his efforts.

Petitioner further asserts that he is actually innocent of the parole violation, and the limitation period should toll to allow him the opportunity to establish his innocence in litigation of the merits of his habeas corpus claim. He requests an evidentiary hearing so that this court may determine his innocence. We deny petitioner's request because he has not pointed to the existence of any evidence outside the record that might support his innocence argument. Although an investigation of new facts that establish a petitioner's

9 - FINDINGS AND RECOMMENDATION

innocence can toll the limitation period in order to prevent a miscarriage of justice, see, e.g., O'Neal v. Lampert, 199 F.Supp.2d 1064, 1066-67 (D. Or. 2002), petitioner does not state that he requires such an investigation.[3] Petitioner instead restates the actual innocence argument that he raised at the future disposition hearing and appeals. According to the argument, petitioner should be considered innocent of absconding from the jurisdiction of Louisiana (one basis for his parole revocation) because he believed that he was discharged from parole, despite his failure to achieve the required discharge recommendation from LDOC and order from the Board. An evaluation of that argument, on the record before the court, does not require tolling the limitation period for further factfinding. In sum, equitable tolling does not apply, and petitioner's petition is time-barred.

2.   Exhaustion

Even if petitioner's equitable tolling argument had merit, his claim should be denied because he failed to exhaust available remedies.

A.   Standards

---

[3] Compare 28 U.S.C. § 2254(e)(2)(A)-(B), addressing requirements for granting a petitioner an evidentiary hearing on the merits of a habeas corpus claim. Like the court in O'Neal v. Lampert, 199 F.Supp.2d 1064, 1066-67 (D. Or. 2002), I do not understand those stringent requirements to serve as prerequisites to a hearing on a petitioner's claim of actual innocence for the purpose of tolling the statute of limitations. Even so, no hearing is warranted in this case, as petitioner has not demonstrated that the hearing would occasion an evaluation of any new relevant evidence.

28 U.S.C. § 2254(b)(1) requires a petitioner to "exhaust[] the remedies available in the courts of the State" prior to seeking federal habeas corpus relief. The exhaustion requirement ensures that state courts have the opportunity to act on the petitioner's claims and correct them before petitioner seeks recourse in a federal habeas claim. Duncan v. Henry, 513 US 364, 365, 115 S. Ct, 887, 130 L. Ed. 2d 865 (1995). A claim is fairly presented in a state court when the legal basis of the federal constitutional claim properly before the court; explaining only the facts on which the claim is based claim is insufficient. Picard v. Connor, 404 U.S. 270, 275-76, 92 S.Ct. 509, 512, 30 L.Ed.2d 438 (1971). A claim is not fairly presented when it is raised in a "procedural context in which its merits will not be considered." Castille v. Peoples, 489 U.S. 346, 351, 109 S.Ct. 1056, 103 L.Ed.2d 380 (1989).

As explained above, the relevant Board action is the revocation of petitioner's parole. Administrative review of the order was available to petitioner until May 25, 2000, and review of the agency's decision on appeal would have been available in the Oregon Court of Appeals (if sought) within 60 days of the Board's final order. ORS 144.335(4). Thereafter, petitioner could have sought review in the Oregon Supreme Court.

Petitioner did not seek administrative or judicial review of the revocation order. Rather, he attacked the order in a state habeas corpus petition submitted in Umatilla County, which was denied because (among other reasons), petitioner did take the necessary procedural

11 - FINDINGS AND RECOMMENDATION

steps to preserve his claim by exhausting his administrative remedies.

Petitioner argues that, by appealing the Board's future disposition order, which addressed the penalty for his parole violations, he effectively appealed the Board's earlier revocation order. Petitioner explains that the Board's final order on future disposition addressed his arguments concerning whether he was guilty of the parole violations asserted against him, and as such, that order evidences petitioner's "de facto appeal" of the revocation decision. Further, petitioner asserts that the appeal of the Board's final order on the future disposition hearing to the Oregon Court of Appeals, together with his subsequent state habeas claim, satisfies the requirement that he exhaust all state remedies with respect to the revocation order.

Petitioner's arguments do not advance his claim. Petitioner's appeal of the final determination order did not constitute an appeal of the Board's action in revoking his parole; rather, as explained above, it constituted an appeal from the Board's determination of the penalty for his parole violation. As the Oregon Court of Appeals explained, "To the extent that [the future disposition order] says anything regarding the revocation of petitioner's parole, it is merely reiterating the decisions made in the revocation order." Thus, the Board did not dispose of, whether de facto or de jure, an appeal of the revocation order.

Petitioner then appealed the future disposition final order to the Oregon Court of Appeals. He did not alert the Court of Appeals

12 - FINDINGS AND RECOMMENDATION

to the federal due process claim that he now asserts in his federal habeas petition. The Court of Appeals explained that because petitioner failed to request administrative review of the revocation order, the court lacked subject matter jurisdiction over petitioner's appeal. Thus, due to his failure to appeal the relevant order, petitioner did not "fairly present" his federal claim before the Board or state courts.

3. Procedural Default

Finally, because petitioner has procedurally defaulted the claim that he now asserts in his federal habeas petition, relief should be denied.

A. Standards

In addition to seeking available remedies, a petitioner is required to ensure that the relevant tribunals had the opportunity to address the claim that is later articulated in the habeas petition. Coleman v. Thompson, 501 U.S. 722, 730-32, n.1, 111 S.Ct. 2546, 115 L.Ed.2d 640 (1991). Otherwise, "habeas would offer state prisoners whose custody was supported by independent and adequate state grounds an end run around the limits of this Court's jurisdiction and a means to undermine the State's interest in enforcing its laws." Id. at 731. When "the court to which petitioner would be required to present his claims in order to meet the exhaustion requirement [finds] the claims procedurally barred," the petitioner's default ordinarily bars the habeas claim. Id. at 735, n.1. The federal court will not review the claim unless the petitioner shows "cause and prejudice" for the

13 - FINDINGS AND RECOMMENDATION

failure to present the constitutional issues to the highest state court or demonstrates that failure to consider the claims will result in "a fundamental miscarriage of justice." <u>Wainwright v. Sykes</u>, 433 U.S. 72, 91, 97 S.Ct. 2497, 53 L.Ed.2d 594 (1977); <u>Murray v. Carrier</u>, 477 U.S. 478, 488, 106 S. Ct. 639, 91 L.Ed.2d 397 (1986).

B.   <u>Analysis</u>

The parties disagree about whether petitioner "federalized" the claims that he did present to the Board and state courts. Petitioner cited the federal due process clause in his state habeas petition and in a response brief before the Oregon Court of Appeals. It is clear that petitioner "federalized" his claim in a petition for review of the dismissal of his state habeas claim to the Oregon Supreme Court, but doing so could not cure his failure to present the same issue in an appeal of the Board's revocation order, which can substantiate the state appellate court's denial of review. <u>See</u> Or. Rule App. Proc. 5.45, 9.20 (discussing preservation requirements).

Petitioner contends that the court should excuse any default because it is attributable to "good cause" and prejudices petitioner in this litigation. "Cause" is shown when a petitioner demonstrates that "some objective factor external to the defense impeded counsel's efforts to comply with the State's procedural rules." <u>Murray v. Carrier</u>, 477 U.S. at 488. Such factors include interference by officials that frustrates compliance with state procedures, or the petitioner's inability to discover the legal or factual basis of the claim at the time of the default. <u>McClesky v. Zant</u>, 499 U.S. 467,

14 - FINDINGS AND RECOMMENDATION

494, 497, 111 S.Ct. 1454, 113 L.Ed.2d 517 (1991). According to petitioner, the same factors that, in his view, would warrant equitable tolling should excuse his default. Again, petitioner's argument is unavailing. The procedural complexity that inhered in the review process does not rise to the level of "cause" for excusing petitioner's procedural default. Petitioner has provided no authority to support his position, and a search of relevant cases has disclosed none. Because petitioner has not demonstrated cause, the court need not consider the prejudice element.

Finally, petitioner asserts, in the alternative, that he is actually innocent, and the court should excuse his default in order to prevent "a fundamental miscarriage of justice." Coleman v. Thompson, 501 U.S. at 750. To prevail under this exception, the petitioner must affirmatively demonstrate the probability of innocence, using "new, reliable evidence" not presented at trial that allows the conclusion that, more likely than not, all reasonable jurors would agree on the petitioner's innocence. Calderon v. Thompson, 523 U.S. 538, 559, 118 S.Ct. 1489, 140 L.Ed.2d 728 (1998).

Again, petitioner has not satisfied the required standard. His actual innocence argument rests entirely on the argument made previously to the Court of Appeals, based on evidence that was used at his revocation hearing, future disposition hearing, and subsequent appeals. Petitioner has not even discussed the existence of new probative evidence. This is not an extraordinary case for which the fundamental miscarriage of justice exception was designed.

15 - FINDINGS AND RECOMMENDATION

Because petitioner did not assert a fully exhausted claim within the one-year limitation period, petitioner's request for habeas corpus relief should be denied.

## Conclusion

Petitioner's Amended Petition for Writ of Habeas Corpus (#6) should be denied. This proceeding should be dismissed.

This recommendation is not an order that is immediately appealable to the Ninth Circuit Court of Appeals. Any notice of appeal pursuant to Rule 4(a)(1), Federal Rules of Appellate Procedure, should not be filed until entry of the district court's judgment or appealable order. The parties shall have ten days from the date of service of a copy of this recommendation within which to file specific written objections. Failure to timely file objections to any factual determinations of the Magistrate Judge will be considered a waiver of a party's right to de novo consideration of the factual issue and will constitute a waiver of a party's right to appellate review of the findings of fact in an order or judgment entered pursuant to the Magistrate Judge's recommendation.

DATED this ___22___ day of November, 2006.

_____
THOMAS M. COFFIN
United States Magistrate Judge

16 - FINDINGS AND RECOMMENDATION